IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MARJORIE M. GILLESPIE, et al. | |
| Appellants | No. 19-3582 |
| v. | |
| LORI DRING and NANCY ASARO | (ELECTRONICALLY FILED) |
| Appellees | |

**RESPONSE TO ORDER OF COURT OF NOVEMBER 19, 2019**

AND NOW COME Marjorie M. Gillespie, et al., and hereby file this Response to the Order of this Honorable Court of November 19, 2019, as follows:

On October 10, 2018, the Order of the Honorable A. Richard Caputo of the United States District Court for the Middle District of Pennsylvania granted Lori Dring, et al.'s (hereinafter "Dring") Motion for Summary Judgment on the two (2) remaining claims of Marjorie M. Gillespie, et al. (hereinafter "Gillespie"). The Court, in its Order, stated that "[a]s no claims remain, the Clerk of Court is directed to mark this case **CLOSED**." However, Dring's counterclaim against Gillespie for trespass was still pending. As a result, Dring filed a Motion for Reconsideration of the October 10, 2018 Order. The Court, on October 29, 2018, granted such Order, stating that "[t]he Motion for Reconsideration . . . filed by [Dring] is **GRANTED**; Section (3) of this Court's Order of October 10, 2018 . . . directing the Clerk of Court

to mark this case closed is **VACATED**; [and] [t]he Clerk of Court is directed to **REOPEN** this case."

On April 23, 2019, Gillespie and Dring subsequently executed a Stipulation, approved by the Court, whereby Dring would dismiss their counterclaim against Gillespie without prejudice.

On May 10, 2019, Gillespie filed a Notice of Appeal relative to the Order of the United States District Court for the Middle District of Pennsylvania of October 10, 2018. *See Gillespie, et al. v. Dring, et al.*, No. 19-2073. Such Order was not made final and thus appealable until April 23, 2019, at which time the sole remaining claim in the matter was dismissed. The Third Circuit ordered the parties to address the appealability of the October 10, 2018 Order. Response were filed by the parties in June 2018. The question relating to jurisdiction is currently pending before the Third Circuit.

Subsequently, on June 13, 2019, Dring filed an Application for Reasonable Attorneys' Fees and Costs Pursuant to Section 14 of the Settlement Agreement and a Brief in Support thereof. On August 1, 2019, Gillespie filed a Brief in Opposition to Dring's Application for Reasonable Attorneys' Fees and Costs Pursuant to Section 14 of the Settlement Agreement. On September 5, 2019, Dring filed a Reply Brief in Support of their Application. The Court, on October 17, 2019, filed a

Memorandum and Order, granting attorneys' fees and costs to Dring in the amount of $282,383.93.

This Court issued an Order dated November 19, 2019, wherein the Court stated as follows:

> Appellants now seek review of the District Court's October 17, 2019 order, which granted in part and denied in part a motion for attorney fees. As previously noted in Case No. 19-2073, given the dismissal without prejudice of defendant's counterclaim, it is not clear whether the October 17, 2019 order is an appealable order under 28 U.S.C. § 1291. All parties must file written responses in No. 19-3582 addressing this issue . . ..

The response of Gillespie, as ordered by this Court, follows.

Under Section 1291 of Title 28 of the United States Code, the courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts. 28 U.S.C. § 1291. "A final decision is one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

The Court specifically ordered the parties to file Responses regarding the appealability of the October 17, 2019 Order as it relates to the dismissal without

prejudice of Dring's counterclaim. Typically, a dismissal without prejudice is not a final decision because the party may refile the complaint, thereby creating the risk of piecemeal appellate litigation. *See Carnesi v. University of Pittsburgh Medical Center*, 729 F.3d 239, 244 (3d Cir. 2013). The Third Circuit has expressly held that there are exceptions to this doctrine if the statute of limitations has run by the time of the appeal, if the party abandons his claim, or if there is "legal prejudice" or onerous conditions imposed on the party's right to refile the dismissed action. *S.B. v. KinderCare Learning Centers, LLC*, 815 F.3d 150 (3d Cir. 2016); *Morton International, Inc. v. A.E. Staley Manufacturing Co.*, 460 F.3d 470 (3d Cir. 2006).

Despite the fact that the counterclaim was dismissed without prejudice, it is the position of Gillespie that the Order of Court approving the Stipulation resolved all claims in the matter and the only remaining issue for the Court to decide related to the attorneys' fees and costs sought by the parties. The Supreme Court has made clear that "practical, not technical considerations are to govern the application of principles of finality." *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1949). Using such a pragmatic approach, the instant matter can be analyzed as follows: the instant appeal relates to a motion for attorneys' fees and costs filed by Dring after summary judgment was granted on Gillespie's claims in favor of Dring. After the grant of summary judgment, there was a counterclaim remaining, unrelated to Gillespie's claims, which the parties agreed to dismiss without prejudice, and which stipulation

to dismiss was approved by the Court. Dring's counterclaim alleged a claim for continuing trespass. The statute of limitations for a continuing trespass under Pennsylvania law does not start until all trespass is abated. *See Cassel-Hess v. Hoffer*, 44 A.3d 80, 87 (Pa. Super. 2012). Thus, conceivably and depending on the factual circumstances alleged, Dring could wait months or years and still be permitted to refile their counterclaim against Gillespie, thereby estopping Gillespie from filing any appeal on the October 17, 2019 Order (or the October 10, 2019 Order, as addressed in a previous response relative to the appellate jurisdiction in No. 19-2073) indefinitely. Also, importantly, the parties and the Court have treated the litigation as if it is final and complete. The current appeal relates to the grant of attorneys' fees by the Court to Dring as the "prevailing party" under a settlement agreement. The fact that the case has universally been treated as resolved lends further support to this Court's jurisdiction as the Orders are indeed final orders as a matter of law.

Further, the United States District Court for the Third Circuit of Pennsylvania has also held that "when the award of attorney's fees arises out of and is part of the claimant's cause of action and is not separately authorized by a statute providing for such an award, an award does not become final until the attorney's fees are quantified." *See Beckwith Machinery Co. v. Travelers Indem. Co.*, 815 F.2d 286, 290 (3d Cir. 1987). The Court specifically stated that "a merits order cannot vest [the

Third Circuit] with jurisdiction when it also provides for attorney's fees, not yet quantified, which fees were part of and arose out of the cause of action but were not separately authorized by statute. The time for appeal in such a case is to be measured from the entry of the order ultimately quantifying the outstanding fee issue." *Id*. at 291. In the current matter, the claimant's entitlement to attorneys' fees arises from a settlement agreement between the parties, and is not statutorily authorized. The Court below not only held that Dring is entitled to attorneys' fees but actually quantified such fees in the total amount of $282,383.93. As the amount of attorneys' fees was determined by the Court, such Order became final and appealable and vests this Court with jurisdiction over Gillespie's appeal on such Order.

It is thus the position of Gillespie that the Order of October 17, 2019 (and the October 10, 2018 Order, as addressed in No. 19-2073) is a final Order. The Federal Rules of Appellate Procedure provide that a litigant must file a notice of appeal within thirty (30) days from the date of the entry of judgment. FRAP 4(a)(1). As the Notice of Appeal was filed within thirty (30) days of the date of the attorneys' fees Order on October 17, 2019, the Third Circuit has jurisdiction over the instant appeal.

However, assuming that the Court disagrees with Gillespie's position that the October 17, 2019 Order is a final order, Gillespie requests that this Honorable Court stay any dismissal of the instant case for want of jurisdiction. The Third Circuit precedent holds that premature appeals may ripen upon entry of final judgment

pursuant to two (2) distinct jurisdictional doctrines: Federal Rule of Appellate Procedure 4(a)(2) and the *Cape May Greene* Rule. *See Adapt of Philadelphia v. Philadelphia Housing Authority*, 433 F.3d 353 (3d Cir. 2006) ("FRAP 4(a)(2), as construed by the Supreme Court, allows certain qualifying premature appeals to become effective upon entry of final judgment, thus preserving those appeals from dismissal for failure to satisfy the jurisdictional prerequisite of finality. . . . FRAP 4(a)(2) 'permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment."); *see also Cape May Greene, Inc. v. Warren*, 698 F.2d 179 (3d Cir. 1983) (upholding jurisdiction to review a grant of summary judgment against the plaintiff despite presence of a cross-claim, because although the cross-claim was not disposed of before the notice of appeal was filed, it was adjudicated after the notice of appeal was filed, thereby achieving finality as to all claims). Should the Court determine that the October 17, 2019 Order (and/or the October 10, 2018 Order) was not a final, appealable order, Gillespie will file a Motion with the District Court for Certification of the October 17, 2019 Order (and the October 10, 2018 Order) as final pursuant to Federal Rule of Civil Procedure 54, thereby creating finality. The Certification by the District Court would render Gillespie's premature appeal to become effective upon entry of the Order granting Certification.

Respectfully submitted,

/s/ Joseph A. O'Brien, Esq.
Joseph A. O'Brien, Esquire
Attorney I.D. No.: 22103
Email: jaob@oprlaw.com

/s/ Jenna Kraycer Tuzze, Esq.
Jenna Kraycer Tuzze, Esquire
Attorney I.D. No.: 324116
Email: jmk@oprlaw.com

Oliver, Price & Rhodes
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA 18411
Phone: (570) 585-1200
Fax: (570) 585-5100
**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

I, **JOSEPH A. O'BRIEN, ESQUIRE**, of Oliver, Price & Rhodes, hereby certify that on this date, I caused the foregoing RESPONSE via the Court's ECF system to be served on all counsel of record as authorized under Federal Rule 5(b)(2)(E) and Rule 25(c)(2)(A) of the Federal Rules of Appellate Procedure,. I further certify that all counsel of record in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Rosenn, Jenkins and Greenwald, LLP
Robert N. Gawlas, Jr., Esquire
Garry S. Taroli, Esquire
15 South Franklin Street
Wilkes Barre, PA   18711-0075

Michael Profita, Esq.
Decotiss, FitzPatrick & Cole, LLP
Glenpointe Cenre West
500 Frank W. Burr Blvd., Suite 31
Teaneck, NJ 07666

/s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire